IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY MCDONALD,            ) | |
|                     **Plaintiff,**     ) | CIVIL ACTION |
| v.                                                  ) | No. 14-1020-KHV |
| CITY OF WICHITA, KANSAS, et al.     ) | |
|                     **Defendants.**   ) | |

## MEMORANDUM AND ORDER

Mary McDonald brings claims under 42 U.S.C. § 1983 against the City of Wichita, Kansas and Gary Rebenstorf, alleging violations of her constitutional rights. Pretrial Order (Doc. #58) filed May 12, 2015, at ¶ 4.a. This matter comes before the Court on Defendants' Motion To File Documents Under Seal (Doc #60), filed May 22, 2015. Plaintiff did not respond to the motion. For the reasons stated below, the Court overrules the motion.

## Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.;

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.  Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461.  The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption.  Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.  The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture.  Worford, 2004 WL 316073, at *1 (citing Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

## Analysis

In support of their motion for summary judgment, defendants seek leave to file under seal 47 exhibits designated as confidential (Exhibits 33 through 79).  Defendants' Motion To File Documents Under Seal (Doc #60), at 2 ¶ 2.  Because it "recites information from these exhibits which defendants consider to be confidential and subject to protection," defendants also seek leave to file under seal the memorandum in support of the motion for summary judgment.  Id.  Defendants state, "Considering the number of pages and the amount of information involved, redaction and *in camera* submission are inadequate solutions to present relevant information while protecting its confidentiality."  Id.

Defendants provide no explanation why disclosure of the information might harm either party or why the documents are designated as confidential.  The fact that the Court has entered a stipulated protective order does not in itself provide a sufficient reason to seal the documents.  See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012); Carfusion 213, LLC v. Prof'l Disposables,

Inc., No. 09-2616-KHV-DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010). Although defendants suggest that redaction is an "inadequate solution," they have not shown that redaction is even necessary or appropriate. On this record, defendants have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292.

Pursuant to the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, defendants may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
>
> 1. Social Security numbers: Use only the last four numbers;
> 2. Minors' names: Use the minors' initials;
> 3. Dates of birth: Use only the year; and
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.

**IT IS THEREFORE ORDERED** that Defendants' Motion To File Documents Under Documents Under Seal (Doc #60) filed May 22, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before June 20, 2015, defendants may file an unsealed memorandum and the exhibits in support of their motion for summary judgment.

Dated this 15th day of June, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
