## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARY McDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-1020-GEB |
| | ) | |
| CITY OF WICHITA, KANSAS and | ) | |
| GARY REBENSTORF, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Disqualify the Law Firm of

Triplett, Woolf, and Garretson (ECF No. 98) from its representation of Defendants.  On

January 26, 2016, the Court conducted a hearing on Plaintiff's motion.  Plaintiff Mary

McDonald appeared in person and through counsel, Donald Peterson and Sean

McGivern.  Defendant City of Wichita appeared through City Attorney Jennifer Magana

and through counsel, Amy Fellows Cline and Derek Casey.  Defendant Gary Rebenstorf

appeared in person and through the same defense counsel, Ms. Cline and Mr. Casey.

After consideration of Plaintiff's motion, Defendants' Response in Opposition (ECF No.

103), and additional argument from counsel, the Court enters the following orders.

## I.    Factual Findings

Plaintiff filed this employment action after 14 years of employment as the Chief

Prosecutor for the City of Wichita ("City") under the supervision of Chief Legal Counsel,

Gary Rebenstorf.   She claims the Defendants illegally discriminated against her by eliminating the Chief Prosecutor's position in March 2012.

Prior to her employment with the City, in approximately 1999, Plaintiff Mary McDonald was employed by the Harvey County Attorney's Office.   During her tenure there, she acted as lead prosecutor in the case of *State v. Campbell*.[1]   After the defendant Trennie Campbell was convicted of unintentional second-degree murder, the Kansas Court of Appeals reversed her conviction, finding the State's actions during the trial rose to the level of prosecutorial misconduct, requiring a new trial.   In 2000, Plaintiff began working for the defendant City.

From August 2000 to May 2004, Amy Fellows Cline worked as an associate attorney at the Wichita, Kansas law firm of Fleeson, Gooing, Coulson & Kitch, LLC ("Fleeson").   At some time during her employment at Fleeson, Ms. Cline assisted another attorney in his representation of Plaintiff.   That representation was an ethics matter which arose out of Plaintiff's conduct in the *Campbell* trial.   During that representation, Plaintiff confided in Ms. Cline about her career as a prosecutor, her employment at the City, defendant Gary Rebenstorf, and Plaintiff's intent to work as a prosecutor over the course of her career.   Plaintiff believes Ms. Cline used all of the information provided to her to advocate Plaintiff acted properly and ethically in the *Campbell* matter.

In May 2004, Ms. Cline left the Fleeson firm to join the firm of Triplett, Woolf & Garretson, LLC ("Triplett").   In an affidavit presented to the Court, Ms. Cline swears she does not recall any details of her representation of Plaintiff, nor does she recall any

---

[1] 23 P.3d 176 (Kan. App. 2001).

2

meetings or conversations with Plaintiff.  She asserts she did not retain any notes or materials related to the matter, and believes Fleeson destroyed Plaintiff's file in 2004. Plaintiff's counsel proffered at hearing that Plaintiff was able to locate her file.[2] Regardless, Ms. Cline states she has no information regarding the *Campbell* matter beyond that stated in the published opinion, and she has no information regarding Plaintiff's career aside from the evidence gathered in this case over the course of discovery.  Ms. Cline swears no confidential or material information she may have learned in the prior representation of Plaintiff would be used in the current matter.

The Triplett firm has been involved in this case since attorney Derek Casey entered his appearance on behalf of Defendants on January 22, 2014.  Ms. Cline formally entered her appearance for Defendants on January 11, 2016—three weeks prior to the scheduled jury trial.  Ms. Cline intends to assist Mr. Casey with trial preparation and trial. On January 19, 2016—ten days prior to trial—Plaintiff filed her motion to disqualify Ms. Cline and the entire Triplett firm from representing her.

## II.      Summary of the Parties' Legal Arguments

Plaintiff asks the Court to disqualify Ms. Cline from representation of Defendants pursuant to Kansas Rule of Professional Conduct ("KRPC") 1.9.  In her motion, Plaintiff argues because Ms. Cline must be disqualified, her conflict is imputed to all members of

---

[2] Plaintiff's counsel offered the file for use during hearing, to which Defendants objected. Plaintiff offered for the file to be reviewed in camera, but the Court declined on the basis that the disclosure of the confidential information exchanged during the representation is the very information which must be protected.  Neither Defendants nor the Court reviewed the file during the hearing and the file remains in the possession of Plaintiff and/or her counsel.

the Triplett law firm, and the entire firm is barred from representing the Defendants pursuant to KRPC 1.10(a).  However, during the January 26, 2016 hearing, counsel for Plaintiff proffered that she was willing to allow Triplett to continue its representation of Defendant, so long as Ms. Cline would not.   Because the current matter involves Plaintiff's career as a prosecutor, her intention to work as such for her entire career, and her alleged unlawful discharge from that career by Defendants, Plaintiff believes Defendants can use her prior statements to Ms. Cline about her employment with Defendants in the current matter.  Additionally, Defendants intend to challenge Plaintiff's damages and her attempts at mitigation, and will almost certainly attempt to impeach her credibility.  Plaintiff believes her previous representation by Ms. Cline bears a substantial relationship to this case and warrants disqualification.

Defendants contend Ms. Cline's previous representation of Plaintiff was not a substantially related matter to the present lawsuit which requires disqualification under KRPC 1.9(a).   The only possible link between *Campbell* and the present case is Plaintiff's credibility, which would be an issue in any litigation.  Defendants admit the *Campbell* matter is inadmissible at trial, and further argue the *Campbell* matter is irrelevant to the City's decision to eliminate Plaintiff's position as Chief Prosecutor. Because Ms. Cline's representation of Plaintiff occurred at least 8 years before the City eliminated the Chief Prosecutor position and at least 12 years prior to trial, Defendants argue any information gained by Ms. Cline is now obsolete. Defendants further argue the motion should be denied because Plaintiff unjustly delayed its filing until the eve of trial, when Plaintiff should have known that Ms. Cline was a member of the Triplett firm for

the entirety of the case.

### III.    Legal Standards

The Court has inherent supervisory powers to control the appearance of attorneys before the Court, and motions to disqualify counsel are committed to the Court's sound discretion.[3]  The Kansas Rules of Professional Conduct have been adopted by this Court as the "applicable standards of professional conduct,"[4] and the Court must also look to Kansas case law for guidance in interpreting those rules.[5]

A motion to disqualify must be decided on the unique facts of the case, and the Court is forced to balance competing considerations.  These include the privacy of the attorney-client relationship, the prerogative of each party to choose its own counsel, and the hardships that disqualification would impose upon the parties and the entire judicial process.[6]  As required by the law, the Court approaches the motion and the opposing parties' response with caution, mindful that they can be misused as a litigation tactic or technique of harassment.[7]   "A motion to disqualify counsel deserves serious, conscientious, and conservative treatment."[8]

---

[3] *Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp.*, No. 08–1204–WEB–KMH, 261 F.R.D. 586, 589 (D. Kan. 2009) (citing *Koch v. Koch Industries,* No. 85–1636–SAC, 798 F. Supp. 1525 (D. Kan. 1992)).

[4] D. Kan. Rule 83.6.1(a).

[5] *Seifert vs. Unified Government of Wyandotte County and Kansas City, Kansas, et al.,* No. 11-2327-JTM, 2016 WL 187994, at *1 (D. Kan. Jan. 14, 2016) (citing *Graham by Graham v. Wyeth Labs. Div. of Am. Home Products Corp.*, 906 F.2d 1419, 1423 (10th Cir. 1990)).

[6] *Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 1113543, at *5 (D. Kan. Mar. 24, 2011).

[7] *Id*. at *5; *Venters v. Sellers*, 261 P.3d 538, 544 (Kan. 2011) (citing *Associated Wholesale Grocers, Inc. v. Americold Corp.,* 975 P.2d 231 (Kan. 1999)).

[8] *Layne Christensen Co.,* 2011 WL 1113543, at *5 (citing *Koch,* 798 F. Supp. at 1530).

A.   <u>KRPC 1.6</u>

Although the parties did not mention KRPC 1.6 in their briefing or oral argument, a review of this basic tenet of the attorney-client relationship is prudent to this matter. This rule states, in relevant part:

> (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).

Paragraph (b) provides those limited instances in which an attorney may reveal confidential information, including to prevent the commission of a crime or to comply with a court order, and "to detect and resolve conflicts of interest arising from the lawyer's change of employment . . . but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client."  Comment 4 to KRPC 1.6 describes its purpose:  "A fundamental principle in the client-lawyer relationship is that the lawyer maintains confidentiality of information relating to the representation. The client is thereby encouraged to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter."  Both the state and federal courts consider the ethical requirements of confidentiality as being "interpreted broadly, with the exceptions being few and narrowly limited."[9]

B.   <u>KRPC 1.9</u>

A lawyer's duty to a former client is addressed in KRPC 1.9.  The purpose of this

---

[9] *Heckman v. Zurich Holding Co. of Am.*, No. 06–2435–KHV, 242 F.R.D. 606, 610 (D. Kan. 2007) (citing *In re Bryan*, 61 P.3d 641, 656 (Kan. 2003)).

rule is to protect former clients.[10]  Specifically, KRPC 1.9(a) states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Comment 2 to KRPC 1.9 notes,

> . . . a lawyer who . . . handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client. . . . The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a *changing of sides* in the matter in question (emphasis added).

The party seeking disqualification under KRPC 1.9 bears the burden[11] to demonstrate the existence of three elements: "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant."[12]  If all three factors are present, the attorney must be disqualified.

## C.    KRPC 1.10

KRPC 1.10 deals with the imputation of an attorney's conflict to his or her current law firm.  This rule requires,

---

[10] KRPC 1.9 cmt. 9.

[11] *Seifert,* 2016 WL 187994, at *1; *Flint Hills Sci., LLC. v. Davidchack*, No. 00-2334-JAR, 2002 WL 975881, at *6 (D. Kan. Mar. 21, 2002).

[12] *Seifert,* 2016 WL 187994, at *1 (citing *Weeks v. Indep. Sch. Dist. No. I–89 of Okla. County*, 230 F .3d 1201, 1212 (10th Cir.2000).

(a) while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

"When a motion to disqualify is brought under Rule 1.9(a) and 1.(10)(a), disqualification is imputed to lawyers practicing together without regard to whether client confidences actually have been shared."[13]   Although a hearing is not necessary when dealing with a motion under KRPC 1.9(a) and 1.10(a),[14] in this instance, the Court felt that the briefing was insufficient to address both the general substance of the prior representation and the relationship between that representation and the current matter.   Therefore, using its discretion, a hearing was held.

## IV.   Analysis

The Court must first apply the three factors cited above to determine whether a KRPC 1.9 conflict exists.   The parties agree a previous attorney-client relationship existed between Plaintiff and Ms. Cline and the interests of Ms. Cline's current clients, Defendants, are materially adverse to Plaintiff.   Therefore, the focus of the Court's analysis must be on the remaining factor:   whether the present matter is "substantially related" to the prior representation.   Whether the matters are "substantially related" is

---

[13] *Flint Hills Sci.*, 2002 WL 975881, at *6 (citing *Monroe v. City of Topeka,* 988 P.2d 228, 232 (Kan. 1999).

[14] *Id*. (citing *Chrispens v. Coastal Ref. & Mktg., Inc.*, 897 P.2d 104, 115 (Kan. 1995) (noting that the hearing may "result in the disclosure of the very information [KRPC] 1.9 was designed to protect from disclosure").

determined on a case-by-case basis and each must be decided on its unique facts.[15]

Both the state and federal courts in Kansas have grappled with the elusive definition of "substantially related."  Courts have considered a variety of factors to assist in determining whether matters are substantially related, including such items as:

> (1) The case involved the same client and the matters or transactions in question are relevantly interconnected or reveal the client's pattern of conduct; (2) the lawyer had interviewed a witness who was key in both cases; (3) the lawyer's knowledge of a former client's negotiation strategies was relevant; (4) the commonality of witnesses, legal theories, business practices of the client, and location of the client were significant; (5) a common subject matter, issues and causes of action existed; and (6) information existed on the former client's ability to satisfy debts and its possible defense and negotiation strategies.[16]

Plaintiff's proof must assist "the court ... to reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether that information has any relevance to the attorney's representation of the current client."[17]   But KRPC 1.9 does not require Plaintiff to demonstrate that "actual confidences were disclosed. That inquiry would be improper as requiring the very disclosure [the rule] is intended to protect."[18]

Defendants contend the analysis must focus on whether the prior and current representations can be viewed as Ms. Cline "changing sides in *the matter* in question."[19]

---

[15] *See id*. at *6 (internal citations omitted).

[16] *Chrispens*, 897 P.2d at 112-13 (collecting cases; citing *SLC Ltd. V. v. Bradford Group West, Inc.,* 999 F.2d 464, 466-67 (10th Cir. 1993); *Graham,* 906 F.2d at 1419;  *Koch,* 798 F. Supp. at 1525; *Kaselaan & D'Angelo Assoc., Inc. v. D'Angelo,* 144 F.R.D. 235 (D.N.J. 1992); *In re American Airlines Inc.,* 972 F.2d 605, 614 (5th Cir.1992)).

[17] *Koch,* 798 F.Supp. at 1536.

[18] *Chrispens*, 897 P.2d at 112 (citing *Koch*, 621 F.2d at 999)).

[19] Defs.' Mem. Opp., ECF No. 103 (citing *United States v. Stiger*, 413 F.3d 1185, 1196 (10th Cir. 2005); KRPC 1.9(a) cmt. 1) (emphasis added).

Because the representations were more than 10 years apart and are clearly two separate matters—one an apparent ethical concern and the other an employment lawsuit—Defendants believe it to be clear that Ms. Cline did not change sides in a same or similar matter.  Defendants also maintain any information Ms. Cline might have received 10 years ago has been rendered obsolete through the passage of time.  Defendants rely upon Plaintiff's argument in her motion in limine[20] that the *Campbell* matter is inadmissible at trial—and concede *Campbell* is inadmissible—in part because the passage of time renders the information irrelevant.  Defendants believe the only link between the information gained through the prior representation and the instant matter is the issue of Plaintiff's credibility, which in and of itself does not demonstrate a substantial relationship between the matters.

But although Ms. Cline swore in her affidavit that she recalls no meetings or conversations with Plaintiff during the previous representation, Plaintiff remembers the situation quite differently.  Plaintiff asserts she specifically discussed her employment with the City with Ms. Cline, and fears that the confidential information she shared with Ms. Cline may be used against her to challenge her credibility at trial, as well as to dispute her mitigation of damages, presumably by discussion of her intentions to work as a prosecutor her entire career.

The Court finds the information divulged by Plaintiff to Ms. Cline in the prior representation—particularly her personal thoughts about her employment at the City, which is squarely at issue in this litigation—could reveal Plaintiff's pattern of conduct as

---

[20] Pl.'s Mot. in Limine, ECF No. 101 at 1.

a prosecutor.[21]  Specifically, given the sensitive nature of Ms. Cline's prior representation of Plaintiff, the Court finds it highly likely the information divulged was of the most confidential nature.   The prior representation focused on Plaintiff's career as a prosecutor—her prior conduct in that position and her aspirations of continued employment.  Plaintiff's livelihood was not only at issue, but arguably at stake.  In this current matter, her employment as a prosecutor and subsequent discharge is likewise at issue.  Despite the differences between the two cases, "the underlying concern is the possibility, or *appearance of the possibility*, that [Ms. Cline] may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought."[22]

The Court would be remiss to ignore the prerogative of Defendants to choose their legal counsel, and the hardships that disqualification would certainly impose upon all parties and the entire judicial process,[23] particularly on the eve of trial.   But the confidentiality provisions of KRPC 1.6 offer the most basic protections, and highest expectations, inherent in the attorney-client relationship.  Additionally, the overarching intent of KRPC 1.9 is clearly to protect the Plaintiff and her expectation of loyalty from Ms. Cline.  The Court must resolve its doubt regarding the existence of a relationship between the earlier representation and the current matter in favor of disqualification.[24]

---

[21] *See Chrispens*, 897 P.2d at 112 (citing *Koch,* 798 F.Supp. at 1536).

[22] *Chrispens*, 897 P.2d at 112 (citing *Koch*, 621 F.2d at 999).

[23] *Layne Christensen Co.*, 2011 WL 1113543, at *5 (D. Kan. Mar. 24, 2011) (citing *Nat'l Bank of Andover, N.A. v. Aero Standard Tooling, Inc.,* 49 P.3d 547, 533 (Kan. App. 2002)).

[24] *Seifert*, 2016 WL 187994, at *1; *United States v. Wittig*, No. 03-40142-01-JAR, 2005 WL 7139151, at *3 (D. Kan. May 6, 2005).

Applying the test necessary to determine whether a KRPC 1.9 conflict exists, the Court finds Plaintiff has met her burden to prove all three factors are present and Ms. Cline must be disqualified from representing Defendants in this matter.

Upon a finding that Ms. Cline is disqualified under KRPC 1.9, the Court examines the requirements of KRPC 1.10(a).  This rule mandates, "while lawyers are associated in a firm, *none of them* shall knowingly represent a client when *any one of them* practicing alone would be prohibited from doing so" by KRPC 1.9 (emphasis added).  The purpose behind the imputation is that "a *firm* of lawyers is essentially *one lawyer* for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated."[25]  Because Ms. Cline has been disqualified, the presumption arises that she shared information with her current law partners at Triplett.[26]  Therefore, under KRPC 1.10(a), the law firm of Triplett, Woolf, and Garretson is disqualified from representing Defendants in this action.

## V.    Conclusion

Because Plaintiff has demonstrated the required factors,[27] and finding it necessary to disqualify counsel to preserve the integrity of the judicial process,[28] Plaintiff's Motion

---

[25] KRPC 1.10 cmt. 2.
[26] *Smith v. Whatcott*, 757 F.2d 1098, 1101 (10th Cir. 1985).
[27] Factors discussed *supra*, Part II.B.  *See Seifert*, 2016 WL 187994, at *1 (citing *Weeks*, 230 F.3d at 1212).
[28] *Layne Christensen Co*, 2011 WL 1113543, at *5 (D. Kan. Mar. 24, 2011) (citing *Kelling v. Bridgestone/Firestone, Inc.,* No. 93–1319–FGT, 1994 WL 723958, at *10 (D.K an. Oct. 17, 1994); *Koch,* 798 F.Supp. at 1530)

to Disqualify is hereby GRANTED.  As noted during the hearing, the Court finds no harassment or dilatory motive present on either side.  The conflict issue escaped Plaintiff's notice until Ms. Cline entered her appearance.  Similarly, Ms. Cline's representation of Plaintiff occurred several years prior during her work with another firm and likewise eluded her attention.  Nonetheless, the Court finds that disqualification of Ms. Cline is required under KRPC 1.9 and her conflict is imputed to the Triplett firm under KRPC 1.10(a).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify the Law Firm of Triplett, Woolf, and Garretson (ECF No. 98) is hereby **GRANTED**.  A status conference will be scheduled immediately upon substitute counsel's entry of appearance for Defendants.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 26th day of January 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge