IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY McDONALD,                )
                              )
           Plaintiff,         )
                              )
v.                            )     Case No. 14-1020-GEB
                              )
CITY OF WICHITA, KANSAS and   )
GARY REBENSTORF,              )
                              )
           Defendants.        )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Movants Derek Casey and Amy Fellows Cline's Unopposed Motion for Relief from the Court's Disqualification Orders (**ECF No. 191**) and their Renewed Unopposed Motion for the same relief (**ECF No. 194**). For the reasons set forth below, Movants' motions are **GRANTED**.

**I.     Procedural Background**

In January 2016, the parties to this matter consented to the jurisdiction of the U.S. Magistrate Judge (ECF No. 90), and this employment discrimination case was scheduled for trial in February 2016. On the eve of trial, Plaintiff filed a motion seeking disqualification of Defendants' counsel (ECF No. 98). The basis of the motion was thoroughly examined and need not be repeated here. After a formal hearing, this Court entered an order disqualifying the law firm of Triplett Woolf Garretson, LLC (ECF No.

---

[1] The exercise of jurisdiction by the undersigned U.S. Magistrate Judge over the trial of this matter was invoked under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (*see* Consent, ECF No. 90).

110), including Mr. Casey and Ms. Cline. The Court later denied motions to reconsider that order and permitted Movants to proceed with an interlocutory appeal (ECF No. 120). The Tenth Circuit Court of Appeals denied the attorneys and law firm's request for interlocutory appeal, finding appellate review of the issue must wait until after the entry of final judgment (ECF No. 122).

After interlocutory appeal was denied, substitute counsel entered their appearances for Defendants and this case went to jury trial in January 2017. The case was concluded on the merits with a defense verdict on January 25, 2017 (Verdict, ECF No. 166, Judgment, ECF No. 167).

Following the trial, Plaintiff appealed the judgment (ECF No. 169),[2] and both Defendants and Movants' filed cross-appeals on the earlier disqualification order (ECF Nos. 179, 180).[3] Until recently, the jurisdiction of this Court has been suspended pending the Tenth Circuit Court of Appeals' consideration of both appeals.

II.     **Motion for Relief from Disqualification Order (ECF No. 191)**

During the appeal process, the parties engaged in mediation through the Tenth Circuit Mediation Office. As part of that process, Plaintiffs' appeal of the judgment was not resolved, but the parties reached a verbal and conditional settlement of Movants' appeal from the disqualification orders. Pursuant to the conditional settlement, Movants agreed to dismiss their cross-appeal and not enter an appearance on behalf of Defendants, contingent upon the Court vacating its disqualification orders under Fed. R. Civ. P. 60(b).

---

[2] *See McDonald v. City of Wichita, Kansas*, No. 17-3043 (10th Cir. *docketed* Feb. 24, 2017).
[3] *See McDonald v. City of Wichita, Kansas,* No. 17-3052 (10th Cir. *docketed* March 10, 2017).

In conformity with the settlement agreement, on June 2, 2016, Movants asked this Court to consider its Motion for Relief from the order of disqualification (ECF No. 191). Because the matter is on appeal, this Court reviewed the request under Fed. R. Civ. P. 62.1[4] and issued an indicative ruling, finding "no reason, at this time, to believe it would not grant an unopposed motion" made after remand (Order, ECF No. 192). On June 26, 2017, the Tenth Circuit remanded this case (Order of 10CCA, ECF No. 193) for the limited purpose of allowing this Court to rule on Movants' request for relief, and the issue is now properly before this Court for decision.

### A.     Legal Standard

Movants seek relief from the earlier orders of disqualification under Fed. R. Civ. P. 60(b). Under Fed. R. Civ. P. 60(b)(1)-(6), a party may seek relief from a judgment or order for a number of reasons, including mistake, newly discovered evidence, fraud, or, under Rule 60(b)(6), for "any other reason that justifies relief." Because Movants ask the Court to vacate its order due to the parties' settlement, their request is examined under Rule 60(b)(6).

When faced with a motion to vacate a judgment based upon the parties' settlement, the U.S. Supreme Court found that, although settlement alone does not justify vacatur of a district court's decision currently under appellate review, the decision by the

---

[4] Fed. R. Civ. P. 62.1(a) provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

district court is "an equitable one, and exceptional circumstances may conceivably counsel in favor of" vacatur of judgment upon the parties' settlement.[5] The district court has "substantial discretion to grant relief as justice requires,"[6] but vacatur is "extraordinary and may only be granted in exceptional circumstances."[7]

B.  Analysis

To determine whether circumstances are sufficiently exceptional to support relief from judgment, courts in this District have analyzed multiple factors.[8] Of those factors, Movants contend relief from judgment is appropriate in this case for three primary reasons:

1) The decision on disqualification is of limited precedential effect given the factual context of the case;

2) the parties' conditional settlement, which alone is insufficient to justify vacating a prior decision, would serve the interests of the parties and judicial efficiency by avoiding further protracted and costly litigation; and

3) vacatur in light of the conditional settlement would further the public interest in supporting the appellate court's mandatory mediation programs and encourage future dispute resolution.[9]

Each of these factors is addressed in turn.

---

[5] *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29 (1994).
[6] *Welch v. Unum Life Ins. Co. of Am.*, No. 00–1439–DWB, 649 F. Supp. 2d 1220, 1222 (D. Kan. 2009) (citing *Amoco Oil Co. v. U.S. E.P.A.,* 231 F.3d 694, 697 (10th Cir. 2000); and *U.S. Bancorp*, 513 U.S. at 29).
[7] *Id*. (citing *Amoco,* 231 F.3d at 697) (internal citations omitted).
[8] *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2014 WL 524661, at *1 (D. Kan. Feb. 10, 2014) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. at 29); *see also Welch*, 649 F. Supp. 2d at 1222; *Summit Financial Resources, L.P., v. Kathy's General Store, Inc.,* No. 08-cv-2145-CM, 2011 WL 3666607, at *1-*2 (D. Kan. Aug. 22, 2011).
[9] ECF No. 191 (citing *HR Tech.,* 2014 WL 524661, at *1).

### 1. Precedential Effect of District Court Decision

Movants contend, because the decision on disqualification was based upon a very unique set of facts, its future precedential effect is limited. Additionally, because the issue of disqualification was collateral to the judgment on the merits, Movants argue it is unlikely the disqualification order would have any other preclusive effect on additional litigation between these parties. The Court agrees. Any later use of the decision as persuasive authority is not prevented by this Court's vacatur as a condition of settlement.[10] Because of the limited precedential or preclusive effect on future proceedings, and its continued availability as persuasive authority, this factor weighs in favor of vacatur.

### 2. Interests of the Parties and Judicial Efficiency

Movants acknowledge the number of authorities that find a settlement, alone, is insufficient to support the Court's setting aside its previous order.[11] However, under the

---

[10] For example, regardless of whether the judgment is vacated as a condition of settlement, the Court's disqualification decision will remain publicly available, on the District of Kansas website and on Westlaw and Lexis. *See* https:// ecf.ksd.uscourts.gov/cgi-bin/Opinions.pl ("U.S. District Court of Kansas Opinions" search site); *see also McDonald v. City of Wichita, Kansas*, No. 14-1020-GEB, 2016 WL 305366, at *1 (D. Kan. Jan. 26, 2016), *reconsideration denied, motion to certify appeal granted,* No. 14-1020-GEB, 2016 WL 1298090 (D. Kan. Mar. 31, 2016) (Westlaw links); *see also McDonald v. City of Wichita*, 2016 U.S. Dist. LEXIS 8822 (D. Kan. Jan. 26, 2016) *reconsideration denied, motion to certify appeal granted,* No. 14-1020-GEB, 2016 U.S. Dist. LEXIS 44775 (D. Kan., Mar. 31, 2016).

[11] *See Summit Fin. Res.*, 2011 WL 3666607, at *2 ("routinely granting post-judgment vacatur as part of a settlement agreement may encourage litigants to forego early settlement opportunities and instead take their chances with district court judgments knowing that any adverse rulings could be bargained away as part of a vacatur-based settlement agreement.") (citing *U.S. Bancorp,* 513 U.S. at 29; *Oklahoma Radio Assocs. v. FDIC,* 3 F.3d 1436, 1444 (10th Cir. 1993) (denying vacatur and explaining that "[a] policy permitting litigants to use the settlement process as a means for obtaining the withdrawal of unfavorable precedents is fraught with the potential

circumstances of this action, settlement may actually further the conclusion of this case and the interests of all litigants and the courts. Because the disqualification is a collateral issue, and the ultimate judgment remains preserved for appeal, resources of the parties and the courts will be conserved by narrowing the courts' focus. And although other courts have found the routine grant of vacatur on the basis of settlement problematic, in this case, the parties' settlement is actually *conditioned* on the Movants' relief from the disqualification order. Additionally, the case was tried to a verdict in the spirit of the intent of the disqualification orders, and the parties' settlement continues to uphold the intent of the disqualification orders by removing the movant attorneys from the case. The Court also acknowledges Movants' desire to remediate any damage caused to their professional reputation from the disqualification. Although this alone would not support relief, combined with the conservation of resources, the conditional settlement, and the maintenance of the underlying removal of counsel, the Court finds these circumstances to be exceptional, in the aggregate.

### 3. Public Interest in Supporting the Appellate Court's Mandatory Mediation Programs

As a final basis for relief from the disqualification order, Movants contend the mission of the Tenth Circuit Mediation Office would be advanced through this Court's acceptance of the terms of the parties' settlement. The Court acknowledges the efforts of this program and agrees that giving effect to the parties' agreement obtained through this

---

for abuse")) (other internal citations omitted).

process may encourage "future dispute resolutions by means less costly of private and public resources"[12] than a continuation of the litigation.

### C. Conclusion

In its discretion, and in light of the equitable considerations above which favor settlement, the Court finds exceptional circumstances exist which support the vacatur of the previous Order of disqualification as a condition of the parties' settlement.

**IT IS THEREFORE ORDERED** that Movants Derek Casey and Amy Fellows Cline's Unopposed Motion for Relief from the Court's Disqualification Orders (**ECF No. 191**) and their Renewed Unopposed Motion for the same relief (**ECF No. 194**) are **GRANTED**. The Court's Memorandum and Order of disqualification (ECF No. 110) and the Memorandum and Order denying reconsideration (ECF No. 120) are hereby vacated as a condition of the parties' settlement.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 11th day of July 2017.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge

---

[12] *HR Tech., Inc.*, 2014 WL 524661, at *1.